## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Alvin Franklin, Jr.,

                Petitioner,      Case No. 15-cv-10346
                                      Hon. Judith E. Levy
v.                                 Mag. Judge Michael J. Hluchaniuk

Randall Haas,

                Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is Petitioner Alvin Franklin, Jr.'s *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Franklin is confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He challenges his convictions for unarmed robbery and conspiracy to commit unarmed robbery. *See* Mich. Comp. Laws §§ 750.157a, 750.530. For the reasons that follow, the Court dismisses Franklin's petition without prejudice.

## I. Background

Franklin was convicted following a jury trial in the Ingham County Circuit Court. He filed an appeal as of right with the Michigan Court of Appeals, raising a claim that he was denied his right to confront and cross-examine the prosecution's chief witness. The Michigan Court of Appeals affirmed Franklin's conviction. *People v. Franklin,* No. 314425, 2014 WL 1679148 (Mich. Ct. App. Apr. 24, 2014). Franklin then filed an application for leave to appeal to the Michigan Supreme Court. In addition to the claim raised before the Michigan Court of Appeals, Franklin raised, for the first time, claims that he was subjected to a suggestive pre-trial identification and that he was denied the effective assistance of trial counsel. The Michigan Supreme Court denied leave on October 28, 2014. *People v. Franklin,* 854 N.W.2d 882 (Mich. 2014) (Table).

Franklin seeks a writ of habeas corpus on the following grounds:

1. Defendant has a right to cross-e[x]amine, impeach the testimon[y] of the state[']s chief witness, and to confront with prior bad acts that goes to the core of truth and veracity.

2

2. Pre-trial identification, illegal suggestive show-up that violates fundamental fair play.

3. Ineffective assistance of counsel, where counsel was ineffective and did not provide the minimal standards in assistance in this matter.

(Dkt. 1, Petition 5, 7, 8.)

## II. Analysis

Franklin's petition for writ of habeas corpus must be dismissed because it includes two claims that were not properly exhausted in the state courts.

As a general rule, a state prisoner must exhaust his or her available state court remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)–(c). *Picard v. Connor*, 404 U. S. 270, 275 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim in a habeas petition. *Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). A habeas petitioner bears the burden of proving exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A federal court "is obligated to review the exhaustion issue *sua sponte*." *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987). Federal courts must dismiss mixed habeas petitions – i.e., those including both

3

exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004).

Franklin's petition is subject to dismissal because he failed to allege or indicate in his petition that he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Franklin admits that he raised his second and third claims only for the first time in his application for leave to appeal before the Michigan Supreme Court. (Petition 7, 9.) Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Franklin failed to present his second and third claims on his direct appeal with the Michigan Court of Appeals; his subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement. *Skinner v. McLemore,* 425 F. App'x 491, 494 (6th Cir. 2011).

Franklin appears to argue that he did not properly exhaust his second and third claims because his appellate counsel failed to raise these claims before the Michigan Court of Appeals. (Petition 7, 9). An exception to the exhaustion requirement exists only if there is no

4

opportunity to obtain relief in the state courts "or if the corrective process is so clearly deficient as to render futile any effort to obtain relief" in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The mere fact that appellate counsel may have been ineffective in failing to raise petitioner's second and third claims on his direct appeal would not make it futile to exhaust these claims, because petitioner still has available state court remedies, as the Court will explain below. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967) (petition raising claim that court-appointed counsel refused to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of state's post-conviction procedures).

Here, a state court remedy is available:  Franklin may file a motion for relief from judgment with the trial court under Mich. Court R. 6.502, raising the unexhausted claims and pursuing them in the state appellate courts as necessary. *See Wagner,* 581 F. 3d at 419.

Although a district court has the discretion to stay a mixed habeas petition to allow the petitioner to present his unexhausted claims to the state court, *see Rhines v. Weber,* 544 U.S. 269 (2005), no exceptional or unusual circumstances justify a stay here.  The Michigan Supreme

Court denied Franklin's application for leave to appeal on October 28, 2014.  However, the one-year habeas statute of limitations under 28 U.S.C. § 2244(d)(1) had not begun to run then.  Where a state prisoner has sought direct review of his conviction in the state's highest court, but does not file a petition for certiorari with the United States Supreme Court, the limitations period begins to run upon expiration of the 90-day period for seeking certiorari with the U.S. Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Because Franklin did not seek a writ of certiorari from the United States Supreme Court, his judgment would become final, for the purpose of the limitations period, on January 26, 2015.  *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Franklin filed his petition with this Court on January 20, 2015, before his conviction became final with the state courts.[1]  The one-year limitations period thus began running on January 26, 2015.  Moreover, 28 U.S.C. § 2244(d)(2) expressly provides that the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations is tolled during the pendency of any state post-conviction motion filed by

---

[1]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on January 20, 2015, the date that it was signed and dated. *See Towns v. United States,* 190 F. 3d 468, 469 (6th Cir. 1999).

petitioner. Because Franklin has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of his state post-conviction proceedings, Franklin would not be prejudiced if his habeas petition were dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

The Court will deny Franklin a certificate of appealability. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The applicant is required to show that reasonable jurists could debate whether, or agree that, the petition "should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

7

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Furthermore, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.   In such circumstances, no appeal would be warranted.   *Id.*

The Court declines to issue a certificate of appealability, because jurists of reason would not find it debatable whether this Court correctly ruled that Franklin had failed to exhaust an available state court remedy with respect to his claim or claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007).   The Court will also deny Franklin leave to appeal *in forma pauperis,* because an appeal would be frivolous. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2001).

8

## III. Conclusion

Accordingly, Franklin's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE;

A certificate of appealability is DENIED; and

Leave to appeal *in forma pauperis* is DENIED.

IT IS SO ORDERED.

Dated: March 6, 2015                    s/Judith E. Levy
Ann Arbor, Michigan                  JUDITH E. LEVY
                                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2015.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

9